IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL FISSLER, et al.,

  Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN,

  Defendant.

Civil Action No. 18 – 3122 (CKK)

### PLAINTIFFS' MOTION FOR APPOINTMENT OF SHANA SOLOMON, ESQ. AS SPECIAL MASTER

Plaintiffs respectfully move this Court to appoint Shana Solomon, Esq. as special master pursuant to Federal Rule of Civil Procedure 53 and 28 U.S.C. § 1605A(e)(1). This motion for special master satisfies Rule 53 as follows:

I. **Qualifications**

Shana Solomon, Esq. is a Director at Preti, Flaherty, Beliveau & Pachios LLP. In that capacity, she is involved in all aspects of civil litigation, including trial, arbitration, and mediation, in both federal and state courts. She has had extensive experience evaluating physical injuries and medical data in the context of medical malpractice cases, including defending health care professionals at trial, at panel hearings, and before medical malpractice tribunals. In a previous case brought under the Anti- Terrorism Act, one of Ms. Solomon's roles was working with damages experts (psychiatrists and psychologists) to assess and prove plaintiffs' psychological harms.  She also assesses physical and psychological/emotional harm regularly in her work as a medical malpractice defense attorney. Ms. Solomon graduated from Boston

College Law School in 2005. The Declaration of Shana Solomon, attached to this motion, includes Ms. Solomon's curriculum vitae, which describes her experience.

Rule 53(a)(2) prohibits a special master from having a "relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. §455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential grounds for disqualification." In his accompanying declaration, Ms. Solomon affirms that there is no ground on which to disqualify her appointment as special master.

## II.     Powers and Duties

As special master, Ms. Solomon will consider all issues related to compensatory damages as to each claim made by the Plaintiffs. Ms. Solomon shall have authority to exercise all powers set forth in Rule 53(c), including but not limited to the power to take and record evidence and administer oaths. Testimony may be received by sworn affidavits. All of Plaintiffs' evidence shall be preserved by counsel for the Plaintiffs, who shall retain it for use by the Court.

As to the admissibility of evidence, Ms. Solomon shall be guided by the Federal Rules of Evidence, but it shall not be necessary for documents to be qualified as genuine pursuant to Fed. R. Evid. 901. Authentication shall be made by Plaintiffs' counsel's representation as officers of the Court that a proffered document is an accurate copy of what counsel proffers it to be. Moreover, Ms. Solomon shall be guided by the opinion of the United States Court of Appeals for the D.C. Circuit in *Owens v. Republic of Sudan*, 864 F.3d 751 (D.C. 2017) with respect to the entry of evidence in terrorism cases under the FSIA when defendants fail to appear and thereby default. As to the merit to the Plaintiffs' damages they seek, Ms. Solomon should be guided by previous orders from the court, the complaint, the motions for default judgment, and the

memorandum opinion granting the motions for default judgment. *See* ECF No. 1; ECF No. 29; ECF No. 33, ECF No. 37; ECF No. 40.

### III.   Ex Parte Communications

Ms. Solomon may communicate ex parte with the Court or with Plantiffs' counsel to the extent that she determines it is reasonable and facilitates the efficient and economical resolution of her duties. Plaintiffs' counsel may also communicate with Ms. Solomon ex parte as reasonably necessary to facilitate the carrying out of her duties.

### IV.   Reports

Ms. Solomon shall submit a report to the Court via ECF regarding each Plaintiff's damages claims, which shall recommend findings of fact conclusions of law regarding each item of compensatory damages.

Pursuant to rule 53(f)(2), any party may file an objection to a finding, report, or recommendation by Ms. Solomon within 21 calendar days of the date it was electronically filed. Failure to meet this deadline results in a permanent waiver of any objection to the findings, reports, or recommendations. As provided in Rules 53(f)(3), (4), and (5), the Court shall decide de novo all objections to conclusions of law made or recommended by Ms. Solomon. To the extent Ms. Solomon enters a finding, report, or recommendation regarding an issue of fact, the Court shall review such issue de novo. The Court shall set aside a ruling by Ms. Solomon on a procedural matter for an abuse of discretion.

### V.   Compensation

The FSIA provides for payment of special masters pursuant to 28 U.S.C. § 1605A(e)(2), which states: "The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (42 U.S.C. § 10603c [recodified at 34 U.S.C. § 20106(b]), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1)." In turn, 34 U.S.C. § 20106(b) provides that the Director of the Office for Victims of Crime "may use the emergency reserve referred to in in section 20101(d)(5)(A) of this title to carry out a program to compensate victims of acts of international terrorism that occur outside the United States for expenses associated with that victimization."

For each day that Ms. Solomon works for an amount of time greater than zero but less than or equal to four hours, she shall be paid $600. For each day during which Ms. Solomon works for an amount of time greater than four hours, she shall be paid $1200. Ms. Solomon shall also be paid for reasonable business expenses. Payment for such business expenses shall be limited to $50 per day that such expenses are incurred. In addition, Ms. Solomon shall be paid for reasonable transportation expenses if incurred. Should any question arise as to expenses, the regulations promulgated by the Internal Revenue Service regarding business expenses shall govern and, subject to the above limitation, all expenses qualifying as business expense under Treasury Regulation § 1.162-1 shall be paid.

Within two weeks of the entry of any damages award in this case, Ms. Solomon shall provide Plaintiffs' counsel with vouchers itemizing, for each day of work, the amount of time worked, the nature of the work done, and the amount of any business or travel expense incurred. Such vouchers shall also include a calculation of total pay sought. Within two weeks of receiving

any such voucher, Plaintiffs shall file a motion with the Court seeking the Court's order that the Clerk coordinate payment with the Office for Victims of Crime. Plaintiffs shall append any such vouchers to any such motions.

WHEREFORE, and for the foregoing reasons, Plaintiffs respectfully request that this motion be granted.

DATED: October 20, 2022

Respectfully submitted,

/s/ David J. Dickens
COUNSEL FOR PLAINTIFFS

By Counsel

David J. Dickens, Esq.
Jeffrey Travers, Esq.
The Miller Firm, LLC
108 Railroad Avenue
Orange VA 22960
P: 540-672-4224
F: 540-672-3055

# Shana Marie Solomon, Esq.

---

60 State Street, Suite 1100 · Boston, MA 02109 · (617) 226-3829 · ssolomon@preti.com

**BAR ADMISSIONS**

Massachusetts, December 2005
New Hampshire, June 2016
Maine, December 2016
U.S. District Court, District of Massachusetts, November 2017

**EDUCATION**

**Boston College Law School**, Newton, MA
Juris Doctor, May 2005
*Activities:* Black Law Students Association, Phi Alpha Delta

**Wesleyan University**, Middletown, CT
Bachelor of Arts, Economics, Spanish Literature, May 2002
*Activities:* Kappa Alpha Theta, Fraternity, Vice-President of Development and Finance, Ritualist

**EXPERIENCE**

**Preti, Flaherty, Beliveau & Pachios, LLP**                                                                             Boston, MA
Of Counsel/Director                                                     April 2014 – December 2015 / January 2016 – Present
Civil trial attorney and Co-Chair of the firm's Litigation Practice Group, focusing on medical malpractice defense, general liability, and health law litigation. Represent health care providers and institutions in Massachusetts, New Hampshire, and Maine in all aspects of litigation, at jury trial, arbitration, and mediation, and before trial courts, state appellate courts, and U.S. District Courts. Handle all aspects of trial, including drafting and delivering opening statements and closing arguments, taking witness testimony, and admitting documentary evidence. Defend health care professionals before medical malpractice tribunals and at Panel Hearings. Conduct and oversee case work-up from pre-suit stage through trial preparation, including depositions, discovery, and case investigation by means of client and expert meetings, witness interviews, and document review. Prepare clients and experts for depositions and giving trial testimony and defend clients at depositions. Draft motions including motions for summary judgment and oppositions to motions brought by plaintiffs. Assist clients with other health law issues, including but not limited to responding to claims filed with the Massachusetts Board of Registration in Medicine and Board of Registration in Nursing. Member of the firm's Diversity Committee and Nominating Committee, and former member of Recruitment Committee.

**Rindler • Morgan, P.C.**                                                                                                Boston, MA
Associate/Director                                                             June 2006 – December 2012 / January 2013 – April 2014
Represented health care providers in Massachusetts in all phases of litigation. Defended health care professionals before medical malpractice tribunals. Conducted depositions, discovery, and case investigation. Prepared clients for and defended clients at depositions. Drafted motions including motions for summary judgment and oppositions to motions brought by plaintiffs. Assisted with all aspects of trial, arbitration, and mediation preparation. Sat second chair and took witness testimony at trial. Drafted appellate briefs and presented oral argument before Appeals Court.

**Law Office of Irina Rubinshtein, P.C.**                                                                          West Roxbury, MA
Legal Intern / Attorney                                                September 2003 – December 2005 / December 2005– June 2006
Researched and drafted Consumer Protection complaints and settlement demand letters. Negotiated settlements with insurance adjusters. Interviewed clients. Attended examinations under oath and recorded statements. Drafted wills and separation agreements and prepared and filed paperwork for divorce proceedings. Assisted in the drafting and preparation of closing documents and purchase and sale agreements. Conducted real estate closings.

**Civil Litigation Clinic**                                                                                             Waltham, MA
Student Attorney                                                                                                       Spring 2005

19574954.1

Represented two clients at the Boston College Legal Assistance Bureau in divorce/child support and Supplemental Security Income matters. Appeared in court on contempt review hearing and Social Security Administration hearing. Drafted and argued motion to compel discovery and motion for discovery sanctions. Conducted client interviews, counseling sessions, and hearing preparation sessions.

**Suffolk County District Attorney's Office**   Boston, MA
Legal Intern   Summer 2004
Drafted successful oppositions to motions to suppress and oppositions to motions for new trial. Appeared in court with assistant district attorneys for motion arguments. Researched and drafted legal memoranda on topics including search and seizure, possession of narcotics and possession of firearms. Prepared recommendations for indictment of defendants to Superior Court.

**Judge and the Community Courts Clinic**   Newton, MA
Student Clerk   Fall 2003
Observed judicial proceedings in Boston Juvenile Court under supervision of Judge Leslie Harris. Participated in weekly discussions on the Massachusetts District Courts conducted by Superior Court Judge John Cratsley and Judge John Connors.

**City of Boston Law Department**   Boston, MA
Legal Intern   Summer 2003
Drafted motions for summary judgment, motions to dismiss, and appellate briefs. Interviewed clients for discovery process. Drafted and prepared answers to interrogatories and responses to requests for production of documents. Conducted extensive legal research and wrote memoranda of law on § 1983, Fourth Amendment violations, qualified immunity, and municipality liability.

**PROFESSIONAL AFFILIATIONS**
Massachusetts Bar Association
Maine State Bar Association
New Hampshire Bar Association
DRI (Defense Research Institute)
Massachusetts Defense Lawyers Association

**LANGUAGES**
Proficient in Spanish