**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL FISSLER, *et al.*,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br>　　　　Defendant. | Civil Action No. 18-3122 (CKK) |

**MEMORANDUM OPINION AND ORDER**
May 4, 2026

## I. INTRODUCTION

This Memorandum Opinion addresses the Special Master's [51] Sealed Report and Recommendations Regarding Damages ("Special Master's Report") as to damages sustained by seven Plaintiffs.[1]  These Plaintiffs are comprised of: (1) three servicemembers who were injured in attacks that utilized Explosively Formed Penetrators ("EFPs"), for which Defendant Islamic Republic of Iran ("Iran") and its proxies bear responsibility; (2) one civilian who was injured in an attack that utilized Vehicle-Borne Improvised Explosive Devices ("VBIEDs"), for which Iran and its proxies bear responsibility; and (3) three family members of servicemembers who were killed in attacks that utilized EFPs, for which Iran and its proxies bear responsibility.[2]  More

---

[1] A redacted version of the Special Master's Report and Recommendations was filed at ECF No. 54.  This Memorandum Opinion and Order is not being filed under seal because it does not disclose any confidential information about the Plaintiffs.

[2] The Special Master's Report, ECF No. 51 addresses claims by Plaintiffs Randall Burns, Jason Harrison, Steven Juliana, and Jonathon Schmidt and claims related to the estates of decedent Adam Fargo (by Plaintiff Douglas Fargo) and decedent Jae Sik Moon (by Plaintiffs Young Moon and Ki Moon).

specifically, the Special Master's Report addresses pain and suffering damages (assault, battery, intentional infliction of emotional distress ("iied")) for the four injured Plaintiffs and solatium damages by three Plaintiffs, who are close family members of the two decedents. Having considered the Special Master's Report – which is both thorough and well-reasoned – as well as the Plaintiffs' [53] Notice of Non-Objections to the Special Master's Report and Recommendations, the Court ADOPTS the Special Master's recommended damages awards.

## II. PROCEDURAL BACKGROUND

On July 18, 2022, Plaintiffs filed their [32] Notice of Voluntary Dismissal without Prejudice, as to Certain Plaintiffs, and on July 20, 2022, this Court granted that dismissal. Plaintiffs subsequently filed their [36] motion for entry of default against Defendant Iran on behalf of the remaining Plaintiffs, and, on July 27, 2022, the Clerk's Office entered default against Defendant Iran. *See* ECF No. 38 [Clerk's Entry of Default]. On September 26, 2022, this Court granted Plaintiffs' motion for default judgment against Iran in favor of Plaintiffs. *See* Order, ECF No. 39 (granting Plaintiffs' [29] Motion for Default Judgment on liability and Plaintiffs' [37] Supplemental Motion for Default Judgment); Order, ECF No. 44 (clarifying that the default judgment applied also in favor of Plaintiff Steven Juliana). In connection with its Order granting default judgment, this Court issued a Memorandum Opinion, ECF No. 40, which was later amended by Amended Memorandum Opinion, ECF No. 56, solely to add some names that had been omitted from the conclusion section and to correct some typographical errors. The conclusion section of the Amended Memorandum Opinion indicates that default judgment was granted against Iran as to Plaintiffs Chase Cullen, Douglas Fargo (individually and on behalf of the estate of Adam Fargo), Young Moon (individually and on behalf of the estate of Jae Sik Moon), Ki Moon (mother of Jae Sik Moon), Robert Reuter, Shane Smith, Bobby Wilson, Jr., Nicholas McCoy, Michael

2

Fissler, Dylan Hibbert, Jason Harrison, Shaun Cook, Frieda Catherine Nicole, Joseph James III, Randall Burns, Nicholas McCarty, Jonathon Schmidt, and Steven Juliana. Am. Mem. Op., ECF No. 56, at 14. That Opinion highlights the findings of Plaintiffs' two experts who discussed the circumstances surrounding the attacks on both the decedent and injured Plaintiffs, and concluded that Iran and its proxies were liable for the attacks. This Court's Orders, ECF Nos. [39] and [44] and its Memorandum Opinion, ECF No. [40], as amended by [56] encompass the liability claims of all seven Plaintiffs addressed by the Special Master's Report, and as such, those documents are incorporated by reference herein.

When this Court entered its default judgment on liability, the Court made no finding regarding damages for any of those Plaintiffs, instead "deferring calculation of damages until after the preparation of a report by a special master." Am. Mem. Op., ECF No. 56, at 14. Prior to the appointment of a special master, the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") issued its opinion in *Borochov v. Islamic Republic of Iran*, 94 F.4th 1053 (D.C. Cir. 2024), concluding that there was no subject matter jurisdiction in that case pursuant to Section 1605A "[b]ecause the perpetrator did not kill anyone in the attack that injured the [Plaintiffs], [and therefore] no extrajudicial killing occurred," *id.* at 1060. Furthermore, the Court opined that "Section 1605A's test does not support expanding the material-support provision to cover attempted but uncompleted extrajudicial killings," *id.* at 1063.

In response to that *Borochov* ruling, and by means of an April 2, 2024 Minute Order, this Court requested that Plaintiffs in the instant case file supplemental briefing to specify whether and how the Court has subject matter jurisdiction, *i.e.*, to confirm whether the attacks in this case involve extrajudicial killings. Subsequently, on September 24, 2024, Plaintiffs confirmed that the attacks involving Chase Cullen, Douglas Fargo (Adam Fargo, deceased), Young Moon (Jae Sik

3

Moon, deceased), Frieda Catherine Nicole, Randall Burns, Jonathon Schmidt, and Steven Juliana involved extrajudicial killings and were "unaffected by the D.C. Circuit's ruling." Pls.' Resp. to the Ct's Min. Order, ECF No. 45, at 2. On September 30, 2024, this Court entered its [47] Order appointing Shana Solomon, Esq. as Special Master for purposes of determining damages related to those Plaintiffs over whom there was subject matter jurisdiction. That Order of Appointment was later amended to include the claim of Jason Harrison, who was involved in an attack in which there was an extrajudicial killing. *See* Supp. Status Report in Resp. to Ct.'s Min. Order, ECF No. 49, at 2; *see also* Am. Order of Appt., ECF No. 50.[3]

In connection with the appointment of a special master, this Court issued its [48] Order and Administrative Plan, which indicated in relevant part that:

> The Special Master will be guided in reviewing and evaluating damages for solatium claims by the opinions *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52 (D.D.C. 2010), *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006), *Peterson v. Islamic Republic of Iran*, 515 F. Supp. 2d 25 (D.D.C. 2007) ("*Peterson II*"), and their progeny. In evaluating assault, battery, and intentional infliction of emotional distress claims brought by survivors of Explosively Formed Penetrator attacks, the Special Master shall be guided by the methodology set forth by Special Master Alan L. Balaran in *Karcher v. Islamic Republic of Iran*, 16-cv-232, in his "Proposed Modification to EFP Damages Matrix," ECF No. 169, adopted by this Court in its Memorandum Opinion dated June 7, 2024, ECF No. 171.

---

[3] The Court notes that Ki Moon (mother of Jae Sik Moon, deceased) was erroneously omitted in Plaintiffs' [46, 49] responses to this Court's Minute Order, which listed the Plaintiffs whose claims could be referred to a special master for a damage determination (because they involved an extrajudicial killing). However, like Young Moon's damages claim, on behalf of himself and his son Jae Sik's Moon's estate, Ki Moon's damages claim is based on the attack that killed her son, and accordingly, her claim was in fact properly considered by Special Master Solomon. The Special Master indicated that, in her Report, she did not consider the claims of Chase Cullen or Frieda Catherine Nicole. *See* Report, ECF No. 51, at 4 n.1 (indicating that Plaintiffs did not include proposed findings for Chase Cullen) and n.2 (indicating that the Special Master was informed that Frieda Nicole's claims were not being pursued at this time).

ECF No. 48, at 2.  Special Master Shana Solomon's Report was issued on March 23, 2026, and Plaintiffs filed their [53] Notice of Non-objection to the Report on April 8, 2026.  The Court turns now to the Special Master's damage calculations.

### III. DISCUSSION

As a preliminary matter, Special Master Solomon noted that this Court has jurisdiction over Plaintiffs' claims insofar as all the direct victims of the attacks were either "member[s] of the armed forces" or "employees of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment," and furthermore, all family member Plaintiffs are United States citizens.  Special Master's Report, ECF No. 51, at 6-7; *see* 28 U.S.C. §1605A(a)(2)(A)(ii) (regarding subject matter jurisdiction).

As noted herein, this Court has determined previously that Iran was liable for Plaintiffs' injuries under 28 U.S.C. § 1605A(c).  Pursuant to Section 1605A(c), Plaintiffs' damages "may include economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c).  "Under the FSIA, a 'foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances.' . . .  Therefore, plaintiffs are entitled to the typical array of compensatory damages that may be awarded against tortfeasors in the plaintiffs' respective domiciliary states." *Peterson II*, 515 F. Supp. 2d at 51 (quoting 28 U.S.C. §1606).  In this case, therefore, "[t]he only remaining questions, therefore, are what type of damages Plaintiffs are entitled to recover and in what amounts." *Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54, 59 (D.D.C. 2018).

In the instant case, Plaintiffs' claims for compensatory damages may be categorized as follows: (1) solatium claims by Plaintiffs Adam Fargo, Young Moon, and Ki Moon; and (2) pain

and suffering claims by Plaintiffs Randall Burns, Jason Jarrison, Steven Juliana, and Jonathon Schmidt. The Court turns now to the Special Master's recommendations regarding Plaintiffs' other claims for damages.

### A. Solatium Damages

A claim for solatium is "a claim for the mental anguish, bereavement and grief that those with a close personal relationship to a decedent experience as a result of the decedent's death, as well as the harm caused by the loss of the decedent, society and comfort." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009) (citations omitted). Under the state-sponsored terrorism exception to the FSIA, "the award of solatium damages to the close relatives of terrorism victims" is "expressly contemplated." *Fritz*, 324 F. Supp. 3d at 61-62 (citing 28 U.S.C. § 1605A(c)). It is presumed that "family members in direct lineal relationship suffer compensable mental anguish[.]" *Kaplan v. Hezbollah*, 213 F. Supp. 3d 27, 38 (D.D.C. 2016) (internal quotation marks omitted).

Judges in this District Court have employed "a general framework for the calculation of proper damage awards in FSIA cases" based on principles articulated in the *Heiser* case. *Oveissi v. Islamic Republic of Iran*, 768 F. Supp. 2d 16, 26 (D.D.C. 2011) (citing *Heiser v. Republic of Iran*, 466 F. Supp. 2d at 269-270). Under this general framework, spouses of deceased victims receive $8 million; parents and children receive $5 million; and siblings receive $2.5 million. *Peterson II*, 515 F. Supp. 2d at 52; *Valore*, 700 F. Supp. 2d at 85; *Heiser*, 466 F. Supp. 2d at 269. "Spouses typically receive greater damage awards than parents, who, in turn, receive greater awards than siblings," and "families of victims who have died are typically awarded greater damages than families of victims who remain alive." *Heiser*, 466 F. Supp. 2d at 269 (internal quotation marks and citations omitted). In this case, the Special Master recommended solatium

6

damage awards in the amount of $5 million for Douglas Fargo, father of decedent Adam Fargo, and $5 million each for Young Moon and Ki Moon, father and mother of decedent Jae Sik Moon. The Special Master's recommended solatium damage awards are adopted by this Court.

### B. Damages for Pain and Suffering - Assault, Battery, and IIED

In determining damages for pain and suffering for Plaintiffs Burns, Harrison, Juliana, and Schmidt, the Special Master employed the methodology adopted by this Court in the *Karcher v. Islamic Republic of Iran*, 16-cv-232 (CKK). Under *Karcher*, the following methodology for calculation of damages for pain and suffering (assault, battery, and iied) was adopted:

> (1) As part of the initial calculation of an "EFP Baseline" for damages for pain and suffering, courts may consider traditional non-EFP criteria, as set forth in the *Peterson II* framework;
>
> (2) where medically supported, courts may consider adding 25% to the EFP Baseline to acknowledge the uniquely devastating effects of EFP-related physical injuries;
>
> (3) where medically supported, courts may consider adding 25% to the EFP Baseline to acknowledge the uniquely devastating effects of EFP-related psychological injuries;
>
> (4) courts may consider adding 15% to the EFP Baseline where EFP-related injuries required hospitalization exceeding one year; and
>
> (5) courts may consider adding 15% to the EFP Baseline where EFP-related injuries resulted in permanent impairment.

Special Master's Report, ECF No. 51, at 5-6 (citing the Special Master's Proposed Modification to EFP Damages in *Karcher*, ECF No. 169, at 7-8).

In calculating damages, Special Master Solomon indicated that she reviewed and utilized information from the Court's Memorandum Opinion on liability as well as Plaintiffs' declarations and deposition testimony, and Plaintiffs' medical (physical and psychological) records. The Special Master discussed in detail her calculation of damages, beginning with the EFP baseline, followed by an explanation of her application or denial of enhancements, with references to the

medical and other evidence in the record. While each of the four Plaintiffs requested pain and suffering damages in the amount of $8,250,000.00, the Special Master recommended damages for the four Plaintiffs, as follows: (1) Randall Burns - $7,000,000.00; (2) Jason Harrison - $7,500,000.00; (3) Steven Juliana - $8,250,000.00; and (4) Jonathon Schmidt - $6,250,000.00.

Although the Special Master's calculation of damage awards in three cases result in damage amounts lower than those claimed by Plaintiffs, the Special Master explained the basis for the variations downward from the requested amounts by referencing Plaintiffs' medical (physical and psychological) records. Where she found that the records did not support an enhancement, she did not apply the enhancement. Moreover, Plaintiffs have indicated that they do not object to any of the recommended pain and suffering damages (assault, battery, iied) for these four Plaintiffs. As such, the Court approves the damages recommended by the Special Master for pain and suffering (assault, battery, and iied) for Plaintiffs Burns, Harrison, Juliana, and Schmidt.

## IV. CONCLUSION

The Court acknowledges Plaintiffs' efforts to hold Iran responsible for the acts of terror that resulted in injury and/or death to persons serving in the military and/or working for the Government and appreciates that there is no amount of money that can truly compensate the servicemembers/civilians and members of their family. Based on the explanation set forth herein, the Court finds Defendant responsible for the injuries sustained by Plaintiffs and liable under the FSIA's state-sponsored terrorism exception for damages based on solatium and pain and suffering

8

(assault, battery, iied), as set forth in the Special Master's Report. Accordingly, it is this 4th day of May 2026,

ORDERED that the court ADOPTS the [51] Report and Recommendation by Special Master Shana Solomon. A separate consolidated Order and Judgment will be issued subsequently.

COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE